UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CITY OF SOUTHFIELD FIRE AND POLICE RETIREMENT SYSTEM, Individually and on Behalf of Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**HAYWARD HOLDINGS, INC., KEVIN HOLLERAN, EIFION JONES, CCMP CAPITAL ADVISORS, LP, and MSD PARTNERS, L.P.,**<br><br>Defendants. | Civ. No. 2:23-CV-04146 (WJM)<br><br>OPINION |
| **ERIE COUNTY EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**HAYWARD HOLDINGS, INC., KEVIN HOLLERAN, EIFION JONES, CCMP CAPITAL ADVISORS, LP, and MSD PARTNERS, L.P.,**<br><br>Defendants. | Civ. No. 2:23-CV-20764 (WJM) |

**WILLIAM J. MARTINI, U.S.D.J.:**

This putative securities class action arises out of Defendants' Hayward Holdings, Inc., ("Hayward" or the "Company") Kevin Holleran, Eifion Jones, CCMP Capital Advisors, LP, And MSD Partners, L.P.'s (collectively "Defendants") purportedly false and misleading statements regarding Hayward's business, operations, and prospects. The matter comes before the Court upon the competing motions of Plaintiff City of Southfield Fire and Police Retirement System ("Southfield") and Movant Fulton County Employees' Retirement System ("Fulton") to serve as lead plaintiff and appoint lead and liaison counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §

78u-4(a)(3)(B). ECF Nos. 22, 23; ECF No. 2 in Civ. No. 23-20764. Fulton also seeks consolidation of the above-captioned cases pursuant to Fed. R. Civ. P. 42(a). For the reasons set forth below, Fulton's motion to consolidate as well as for appointment of lead plaintiff and lead counsel is **GRANTED**. Southfield's motion for appointment as lead plaintiff is **DENIED**.

## I. BACKGROUND

Hayward designs, manufactures, and markets a broad portfolio of pool equipment and associated automation systems. The majority of Hayward's sales are generated through specialty distributors, who in turn sell to pool builders, retailers, and servicers.

On August 2, 2023, Southfield filed the above-captioned first-filed complaint, Civ. No. 2:23-04146 (the "Southfield Complaint"). On September 28, 2023, a second, similar complaint was filed, the above-captioned case, Civ. No. 2:23-20764 (the "Erie County Complaint"). The Southfield and Erie County actions ("Actions") both allege the same theory of recovery, that throughout their respective class periods and in violation of the Securities Exchange Act of 1934, Hayward and the other Defendants engaged in a "channel-stuffing"[1] scheme designed to artificially boost Hayward's short-term sales to create the appearance of demand that far exceeded actual trends, which resulted in the precipitous decline in market value of the Company's common stock. *Compare* Southfield Compl., ¶ 28 with Erie County Compl., ¶ 40. The Erie County Complaint alleges a longer class period - October 27, 2021 and July 28, 2022, inclusive ("Class Period") - and additional misstatements. *See* Erie County Compl., ¶¶ 1, 24-29.

Southfield seeks appointment as lead plaintiff to represent a putative class of purchasers, other than Defendants, of Hayward common stock between in the class period March 2, 2022 and July 27, 2022, inclusive. *See* Southfield Compl., ¶ 32, 49. Southfield purchased 3,190 shares of Hayward common stock and suffered approximately $13,048 in losses as a result of Defendants' alleged misconduct. *See* Decl. of Christopher Seeger ("Seeger Decl."), Exs. B, C; ECF Nos. 22-4, 5.

In a competing motion, Fulton also moves for appointment as lead plaintiff of a class consisting of all persons, other than Defendants, who purchased shares of Hayward common stock during the longer Class Period contained in the Erie County Complaint. *See* Erie County Compl., ¶ 1. Fulton has lost over $977,000 on its 75,752 shares. *See* Decl. of Thomas Laughlin ("Laughlin Decl."), Ex. D; ECF No. 23-7. Fulton also requests consolidation of the Actions. In response to Fulton's motion, Southfield recognizes that it did not suffer the greatest loss. Southfield Response to Competing Lead Plaintiff Mot.; ECF No. 27.

---

[1] In a channel-stuffing scheme, a company inflates its sales and earnings figures by deliberately sending its distribution channel partners more products than they are able to sell to consumers. Southfield Compl., ¶ 28.

## II. DISCUSSION

### A. Motion to Consolidate

Fed. R. Civ. P. 42(a) provides that "[i]f the actions before the court involve a common question of law of fact, the court may ... consolidate the actions ...." The district court has "broad power" to consolidate such cases as may facilitate the administration of justice. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (quoting *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)). Here, no party has filed any opposition to the request to consolidate the above-captioned Actions,[2] which stem from the same alleged material misstatements in violation of federal securities laws against the same Defendants. Moreover, discovery obtained in one lawsuit will undoubtedly be relevant to the other and common questions of law and fact will predominate in these Actions. Thus, consolidation would serve the administration of justice and promote judicial efficiency. The motion to consolidate is **granted.**

### B. Motion for Appointment of Lead Plaintiff

The PSLRA requires the Court to appoint as lead plaintiff the member or members of the class the Court determines to be "most capable of adequately representing the interests of class members," referred to as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court must adopt a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons" who: (1) "has either filed the complaint or made a [timely] motion" to be appointed lead plaintiff"; (2) upon a court's finding, "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

#### 1. Timeliness of Fulton's and Southfield's Motions

On August 2, 2023, counsel for Plaintiff Southfield caused a notice to be published over BusinessWire pursuant to PSLRA § 21D(a)(3)(A)(i), announcing that a securities class action had been filed against Defendants and advising Hayward investors that any lead plaintiff motions must be filed within 60 days by October 2, 2023. *See* Laughlin Decl., Ex. A, ECF No. 23-4. Scott+Scott, counsel for Plaintiff in the Erie Action, filed a notice of the pendency of that action on September 28, 2023. *See* Laughlin Decl., Ex. B, ECF No. 23-5. Both Southfield and Fulton timely filed their respective motions on October 2, 2023 within the 60-day period following publication of the requisite notice. Therefore, both motions are timely.

---

[2] Although Fulton's proposed order suggests it also seeks to include consolidation of actions that are newly filed or transferred to this Court from another court, Fulton has not briefed that issue.

### 2. Largest Financial Interest

In determining which putative class member has the largest financial interest, the Court considers (1) the number of shares purchased during the Class Period; (2) the total net funds expended during the Class Period; and (3) the approximate losses suffered. *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citations omitted). Of these considerations, the third factor relating to the losses suffered by the movant is typically afforded the greatest weight. *Turnofsky v. Electrocore, Inc.*, No. 19-18400, 2020 WL 1969913, at *2 (D.N.J. Apr. 24, 2020). Fulton purchased 75,572 shares and its losses are approximately $977,000. Neither Southfield nor any other class member has advised the Court of a larger financial loss. Thus, Fulton has the largest financial interest in this case.

### 3. Rule 23 Requirements

Fulton also satisfies the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. At this stage of the litigation, Fulton need only make a *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23(a)(3) and 23(a)(4), respectively. *See Turnofsky*, 2020 WL 1969913, at *4. Typicality is established when "the claim arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if it is based on the same legal theory." *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994). Adequacy is met when the proposed lead plaintiff: (1) "has the ability and incentive to represent the claims of the class vigorously"; (2) "has obtained adequate counsel"; and (3) poses no conflict between his claims and the members of the class. *In re Cendant Corp. Litig.*, 264 F.3d at 265 (citations omitted).

With respect to typicality, Fulton, like other members of the putative class, alleges that it purchased shares of Company stock during the Class Period at prices that were artificially inflated as a result of Defendants' misrepresentations and omissions, and that it was damaged as a result of the drop in value of such securities upon the eventual disclosure of the misleading statements or omissions. Thus, Fulton's claims against Defendants are typical of those of the broader putative class.

With respect to adequacy of representation, Fulton has expressed its willingness to serve as a representative party on behalf of the Class. *See* Certification Pursuant to Federal Securities Laws at ¶ 3, ECF No. 23-6. There is no evidence of any conflict or potential conflict between Fulton's claims or interests and those of any other member of the putative class. Moreover, Southfield has not suffered the greatest loss and therefore has not objected to the appointment of Fulton as lead plaintiff. No other interested party has opposed Fulton's appointment as lead plaintiff or otherwise rebutted the presumption that Fulton is the most adequate plaintiff. Finally, Fulton has retained highly qualified and experienced counsel that has successfully served as lead or co-lead counsel in securities class actions such as this case. *See* Scott+Scott Firm Resume, Laughlin Decl., Ex. E, ECF No. 23-8.

Accordingly, the Court concludes that Fulton is the most appropriate plaintiff to serve as lead plaintiff in this case.

### C. Approval of Lead and Liaison Counsel

Fulton asks this Court to approve its selection of Scott+Scott and Cohn, Lifland, Pearlman, Herrmann & Knopf, LLP ("Cohn Lifland") to serve as Lead Counsel and Liaison Counsel, respectively. A court should defer to the properly-selected lead plaintiff's choice of counsel, intervening only when "necessary to protect the interests of the class." *In re Cendant Corp. Litig.*, 264 F.3d at 274. As noted above, Scott+Scott has substantial experience litigating class actions brought under the federal securities laws. The Court therefore will defer to Fulton's selection of Scott+Scott and will approve Scott+Scott as lead counsel and Cohn Lifland as liaison counsel.

### III. CONCLUSION

For the reasons set forth above, Fulton's motion to consolidate the above-captioned Actions, for appointment as lead plaintiff, and for approval of Scott+Scott as lead counsel and Cohn Lifland as liaison counsel is **GRANTED**. Southfield's motion for appointment as lead plaintiff is **DENIED.** An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: December 19, 2023

5